Morton D. POTASHNICK and Potashnick Energy Services, Inc., Plaintiffs–Appellants,

v.

Larry E. DUNGER, as Conservator of the Estate of R.B. Potashnick, a Disabled Person, and Larry E. Dunger, individually, Defendants–Respondents.

No. 62664.

Missouri Court of Appeals, Eastern District, Southern Division.

May 25, 1993.

Timothy R. Anderson, Clooney & Anderson, St. Louis, John L. Oliver, Oliver, Oliver & Waltz, P.C., Cape Giraedeau, for plaintiffs-appellants.

Richard G. Steele, Christopher M. Crank, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for defendants-respondents.

SMITH, Presiding Judge.

Morton D. Potashnick and Potashnick Energy Services, Inc., plaintiffs, appeal from the order of the court sustaining defendants' motion to dismiss on grounds of limitations. We reverse.

Plaintiffs filed their five count petition in October 1991. It was based upon an employment agreement entered into in March 1980, and which plaintiffs contended was threatened to be breached by actions taken in 1990 and 1991 by the conservator of R.B. Potashnick. R.B. Potashnick was the other signatory to the contract. Defendants, the conservator Larry Dunger and Larry Dunger individually, filed a motion to dismiss on their allegation in the motion that plaintiff Morton Potashnick was terminated as an employee on or about April 2, 1980. At a hearing on the motion to dismiss, defendants produced a subsequent contract between R.B. Potashnick, R.B. Potashnick Company, and Ar–Tex Equipment Co. dated April 2, 1980. Because of the relationships of the companies and the Potashnicks and the terms of the two contracts, defendants contend the April 2 contract superseded the March contract and if a breach of the contract occurred it occurred on April 2, 1980, and was therefore barred by limitations. A hearing was held and both parties filed affidavits which essentially took differing positions on whether the April contract superseded and was an abandonment of the March contract. The trial court took up defendants' motion to dismiss "along with affidavits and counter affidavits. Court sustains Motion to Dismiss. Cause dismissed with prejudice."

The parties join issue on whether the action of the court was a dismissal or the grant of a summary judgment. We find it makes no difference, although the trial court's failure to advise the parties that it was treating the motion as a motion for summary judgment would appear to make the order one of dismissal. *Lee v. Osage Ridge Winery,* 727 S.W.2d 218 (Mo. App.1987) [5]. If the action of the court was a dismissal, as defendants contend, it was not supported by the petition. The petition on its face stated a cause of action against defendants and nothing in the document itself revealed any violation of limitations. The contract purported to be a lifetime contract unless earlier terminated and nothing in the petition reflected termination at any time prior to the limitations period. The petition was not on its face subject to dismissal.

If the action of the trial court was a summary judgment, as plaintiffs contend, it was also unsupported. The circumstances of the parties, the intentions of the parties, the effect of the second contract, and the subsequent conduct of the parties raised disputed issues of material fact sufficient to preclude summary judgment. Whether the execution of the second contract was an abandonment of the March contract is an issue to be decided at trial. It is not subject to resolution on the record as it now exists.

Order of dismissal reversed and cause remanded.

CRANE and AHRENS, JJ., concur.